UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A.,

    Plaintiff,

v.                                    Case No. 8:13-cv-840-T-33TGW

6503 U.S. HIGHWAY 301, LLC,
a Florida Limited Liability
Company, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Cadence Bank, N.A.'s Motion to Enforce Settlement Agreement, Dispositive Motion for Summary Judgment, and Motion for Default Final Judgment (Doc. # 140), filed on February 7, 2014. After careful consideration, and for the reasons that follow, the Court grants Cadence Bank's Motion for Summary Judgment and Motion for Default Final Judgment to the extent provided herein and denies as moot Cadence Bank's Motion to Enforce Settlement Agreement.

**I.**    **Background**

On or about December 26, 2007, 6503 U.S. Highway 301, LLC executed and delivered to Cadence Bank[1] a promissory note in the original principal amount of $2,304,747.69. (Doc. # 1 at ¶ 24, Doc. # 140 at 5, James Russell Aff. Doc. # 133-1 at ¶ 4). To provide security for the promissory note, 6503 U.S. Highway 301, LLC executed and delivered to Cadence Bank: a mortgage encumbering two non-contiguous parcels of real property located in Hillsborough County, Florida ("Property"); an assignment of rents, leases, contracts, accounts receivable, accounts, and deposit accounts; and an environmental compliance and indemnity agreement. (Doc. # 1 at ¶ 25, Doc. # 140 at 5, James Russell Aff. Doc. # 133-1 at ¶ 5). Cadence Bank filed a UCC-1 financing statement no. 201002657014 and a UCC-1 financing statement in Official Records Book 19911, Page 505 of the Public Records of

---

[1] Cadence Bank, a national banking association, is successor-in-interest to Superior Bank, N.A., a national banking association, and to Superior Bank, FSB, a Federal Savings Bank. (Doc. # 1 at ¶ 4, James Russell Aff. Doc. # 133-1 at ¶ 2). "On April 15, 2011, the Federal Deposit Insurance Corporation ('FDIC') was appointed as Receiver for Superior Bank, FSB, and in its capacity as Receiver, the FDIC sold and assigned all of the assets of Superior Bank, FSB, to Superior Bank, N.A." (Id.). Subsequently, "[o]n or about November 18, 2011, Superior Bank, N.A. merged with and into Cadence Bank. . . ." (Id.). For the purposes of this Order, the Court will refer to Cadence Bank, Superior Bank, N.A., and Superior Bank, FSB, collectively, as "Cadence Bank."

Hillsborough County, Florida. (James Russell Aff. Doc. # 133-1 at ¶ 8).

When the abovementioned documents were recorded, the Property was owned by and in the possession of 6503 U.S. Highway 301, LLC. (Id. at ¶ 6). Also on December 26, 2007, Morris Esquenazi executed and delivered to Cadence Bank a guaranty agreement, in which Esquenazi unconditionally guaranteed the obligations of 6503 U.S. Highway 301, LLC to Cadence Bank under the promissory note. (Doc. # 1 at ¶ 26, Doc. # 140 at 5, Ex. E, James Russell Aff. Doc. # 133-1 at ¶ 7).

6503 U.S. Highway 301, LLC defaulted under the terms of the promissory note and mortgage by failing to make the payment due on October 26, 2008. (Doc. # 1 at ¶ 28, Doc. # 140 at 6, James Russell Aff. Doc. # 133-1 at ¶ 9). Thereafter, in February of 2009, Cadence Bank, 6503 U.S. Highway 301, LLC, and Esquenazi entered into a Forbearance Agreement ("First Forbearance Agreement"). (Doc. # 1 at ¶ 29, Doc. # 140 at 6, Ex. G, James Russell Aff. Doc. # 133-1 at ¶ 10). Subsequently, in December of 2009, Cadence Bank, 6503 U.S. Highway 301, LLC, and Esquenazi entered into a Second Forbearance Agreement ("Second Forbearance Agreement"). (Doc. # 1 at ¶ 29, Doc. # 140 at 6, Ex. H, James Russell Aff. Doc.

# 133-1 at ¶ 11). Then, in September of 2012, Cadence Bank, 6503 U.S. Highway 301, LLC, and Esquenazi entered into a Settlement Agreement ("Settlement Agreement"), wherein Cadence Bank, extended the maturity of the loan until March 31, 2013. (Doc. # 1 at ¶ 29, Doc. # 140 at 6, Ex. I, James Russell Aff. Doc. # 133-1 at ¶¶ 12, 14).

6503 U.S. Highway 301, LLC and Esquenazi defaulted by failing to pay the amounts due on or before March 31, 2013, and failing to pay 2011 and 2012 ad valorem taxes on the Property. (Doc. # 1 at ¶ 32, Doc. # 140 at 6, James Russell Aff. Doc. # 133-1 at ¶ 18).

On April 2, 2013, Cadence Bank initiated this commercial foreclosure action against 6503 U.S. Highway 301, LLC; Tariq Subhi Motei Abuzahra; 6503, LLC; Virgil & Brothers, Inc.; Trekker Tractor, LLC; Safway Services, LLC; Consolidated Electrical Distributors, Inc., doing business as Raybro Electric Supplies; Esquenazi; Jose A. Galindez; Southeastern Petroleum Contractors, Inc.; Robert Miller; Riviera Isle Investment Corp.; A. Alami Binani; 301 Truck Stop, Inc.; Cat Scale Company; Central Florida Laundry Leasing, Inc.; John Does 1-5; and John Does 6-10.[2] (Doc. # 1 at 2).

---

[2] On May 2, 2013, and May 6, 2013, Cadence Bank filed supplemental memoranda regarding diversity jurisdiction.

Riviera Isle Investment Corp. and Robert Miller filed a Notice of Waiver of Interest or Claim on May 6, 2013 (Doc. # 33), and the Court, pursuant to the Notice, terminated these parties from this action on June 3, 2013. Subsequently, on June 4, 2013, a Clerk's Entry of Default was entered against Central Florida Laundry Leasing, Inc.; Consolidated Electrical Distributors, Inc., doing business as Raybro Electric Supplies; Jose A. Galindez; Safway Services, LLC; Southeastern Petroleum Contractors, Inc.; and Virgil & Brothers, Inc. (Doc. ## 65-70).

On February 7, 2014, Cadence Bank filed the instant Motions. (Doc. # 140). Subsequently, on March 5, 2014, Cadence Bank filed a Notice of Voluntary Dismissal with Prejudice of its claims against Cat Scale Company, and as a result, the claims against Cat Scale Company were dismissed with prejudice on March 6, 2014. (Doc. ## 151, 153). Thereafter, on April 1, 2014, Cadence Bank; 6503 U.S. Highway

---

(Doc. ## 20, 22). In sufficiently establishing diversity jurisdiction, Cadence Bank provided adequate information to support its allegation that "Cadence [Bank] is a citizen of the State of Alabama [and] [n]one of the Defendants [are] deemed citizens of Alabama for purposes of diversity jurisdiction." (Doc. # 20 at 7, Doc. # 22 at 3). Furthermore, Cadence Bank has adequately alleged that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00. (Doc. # 1).

301, LLC; 6503, LLC; and Esquenazi filed a Joint Notice of Settlement, notifying the Court that the parties settled all claims Cadence Bank raised against 6503 U.S. Highway 301, LLC; 6503, LLC; and Esquenazi.[3] (Doc. # 168). Pursuant to the Notice, on April 2, 2014, this Court dismissed Cadence Bank's claims against 6503 U.S. Highway 301, LLC; 6503, LLC; and Esquenazi without prejudice. (Doc. # 169). The Court now addresses the present Motions filed by Cadence Bank as they relate to the remaining Defendants.

## II. Analysis

Cadence Bank requests that this Court enter an Order (a) granting summary judgment in its favor as to Count I of the Complaint against Abuzahra; 301 Truck Stop, Inc.; Trekker Tractor, LLC; and A. Alami Binani; and (b) granting default final judgment of foreclosure on Count I of the Complaint against Virgil & Brothers, Inc.; Safway Services, LLC; Consolidated Electrical Distributors, Inc. doing business as Raybro Electric Supplies; Jose A. Galindez; Southeastern

---

[3] On February 7, 2014, Cadence Bank filed a Motion to Enforce Settlement Agreement requesting this Court enforce the Litigation Settlement Agreement entered into between Cadence Bank and 6503 U.S. Highway 301, LLC on December 30, 2013. (See Doc. # 140). However, in light of the Joint Notice of Settlement, the Court denies the Motion to Enforce Settlement as moot.

Petroleum Contractors, Inc.; Cat Scale Company; Central Florida Leasing, Inc.; Robert Miller; and Riviera Isle Investment Corp. The Court will address each request in turn.

**A. Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at

trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only

8

proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### 1. Count I against Abuzahra; 301 Truck Stop, Inc.; Trekker Tractor, LLC; and A. Alami Binani

The parties do not dispute that (1) 6503 U.S. Highway 301, LLC executed and delivered the relevant promissory note and mortgage to Cadence Bank; (2) at the time the mortgage was executed, delivered, and recorded, the Property was owned by 6053 U.S. Highway 301, LLC; (3) Cadence Bank owns and holds the promissory note and mortgage; and (4) 6503 U.S. Highway 301, LLC defaulted under the terms of the Loan Documents by, among other things, failing to pay the promissory note, as modified and extended, which was due on March 31, 2013. In fact, none of the relevant Defendants filed a response in opposition to Cadence Bank's Motion. However, the Court notes that the relevant Defendants have raised a plethora of affirmative defenses, and this Court will discuss each in turn. See The Race, Inc. v. Lake & River Recreational Props., Inc., 573 So. 2d 409, 410 (Fla. 1st DCA 1991)("in order for a plaintiff to obtain a summary judgment when the defendant has asserted affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish their legal insufficiency.").

### a. Abuzahra & 301 Truck Stop, Inc.

On May 14, 2013, Abuzahra and 301 Truck Stop, Inc. filed their Answer and Affirmative Defenses alleging two affirmative defenses. See (Doc. # 36).

First, Abuzahra and 301 Truck Stop, Inc. "dispute the calculation of amounts due under the [m]ortgage documents." (Id. at ¶ 62). However, Abuzahra and 301 Truck Stop, Inc. have not - through specific factual allegations or evidentiary support – demonstrated their contention that the amount claimed by Cadence Bank to be due under the mortgage documents is incorrect. Instead, they have done nothing more than generally allege this affirmative defense. See Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)(explaining that affirmative defenses must comply with the general pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed. R. Civ. P. 8(a)); Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)(finding that the party raising the affirmative defense "must do more than make conclusory allegations."). The affidavit of James Russell, filed by Cadence Bank in support of its Motion for Summary Judgment, sets forth the

amount Cadence Bank seeks to recover in this action. See (James Russell Aff. Doc. # 133-1 at ¶ 22). Abuzahra and 301 Truck Stop, Inc. have failed to provide any evidence to refute Cadence Bank's position. Therefore, for the reasons stated, the Court finds the affirmative defense legally insufficient as pled.

Next, Abuzahra and 301 Truck Stop, Inc. contend that the "calculation of default interest and late fees constitute usurious interest" (Doc. # 36 at ¶ 63). Usury is an affirmative defense, and as the parties asserting this defense, Abuzahra and 301 Truck Stop, Inc. bear the burden of proof. See Valliappan v. Cruz, 917 So. 2d 257, 259–60 (Fla. 4th DCA 2005). Usury must be proven by clear and convincing evidence, rather than the lower "preponderance of the evidence" standard. See id. (citing Dixon v. Sharp, 276 So. 2d 817, 820 (Fla. 1973)("He who alleges usury to avoid or to defeat an obligation to pay money must establish his charge by clear and satisfactory evidence.")). In determining whether a transaction is usurious, Florida courts look at the "substance of the transaction, not the form or designation given to it by the parties." L'Arbalete, Inc. v. Zaczac, 474 F. Supp. 2d 1314, 1323 (S.D. Fla. 2007).

Under Florida law, the four requisites of a usurious

11

transaction are: "(1) a loan, express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) payment or agreement to pay a greater rate of interest than is allowed by law; and (4) a corrupt intent to take more than the legal rate for the use of the money loaned." Valliappan, 917 So. 2d at 260; see Dixon, 276 So. 2d at 819.

Based on the record before the Court, Abuzahra and 301 Truck Stop, Inc. have not supported their usury affirmative defense with an iota of evidence. See Madura v. BAC Home Loans Servicing L.P., No. 8:11-cv-2511-T-33TBM, 2013 WL 3777094 (M.D. Fla. July 17, 2013) reconsideration denied, No. 8:11-cv-2511-T-33TBM, 2013 WL 4055851 (M.D. Fla. Aug. 12, 2013) and motion for relief from judgment denied, No. 8:11-cv-2511-T-33TBM, 2013 WL 6002851 (M.D. Fla. Nov. 12, 2013). It is not the obligation of this Court to scour the record in order to piece together relevant information to create a well-pled, supported affirmative defense. See Lawrence v. Wal-Mart Stores, Inc., 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002)("It is the obligation of the non-moving party . . . not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment."). Accordingly, the Court finds in favor of Cadence Bank on this affirmative

defense as this affirmative defense is legally insufficient as pled.

As the Court has found in favor of Cadence Bank on all Abuzahra and 301 Truck Stop, Inc.'s affirmative defenses, and Abuzahra and 301 Truck Stop, Inc. have failed to demonstrate a genuine dispute as to a material fact on the record, the Court grants summary judgment in favor of Cadence Bank and against Abuzahra and 301 Truck Stop, Inc. on Count I of the Complaint.

### b. Trekker Tractor, LLC

In its Answer and Affirmative Defenses, Trekker Tractor, LLC contends that:

> [Cadence Bank's] claims are barred to the extent that [Trekker Tractor, LLC's] claimed interest in the [P]roperty . . . is superior to the liens of [Cadence Bank] or any of the Defendants in this action, in which case [Trekker Tractor, LLC] is entitled to recover any surplus funds resulting from a foreclosure sale of the subject property.

(Doc. # 71 at 2).

However, Trekker Tractor, LLC has not provided this Court with any support specifically indicating when Trekker Tractor, LLC recorded its interest in the relevant Property that disputes the information found in Cadence Bank's Complaint:

> [Trekker Tractor, LLC] may claim an interest in the Property . . . by virtue of, among other things, that certain Claim of Lien recorded in Official Records Book 21480, Page 1320 of the Public Records of Hillsborough County, Florida. The interest that *[Trekker Tractor, LLC] may have in the Property is junior and subordinate to the lien interest of [Cadence Bank].*

(Doc. # 1 at ¶ 43)(emphasis added). Furthermore, as pointed out in Cadence Bank's Motion for Summary Judgment, Trekker Tractor, LLC's Answer and Affirmative Defenses explicitly states: "Trekker Tractor, LLC, respectfully requests the entry of a judgment acknowledging the priority of [Trekker Tractor, LLC's] lien over the subject [P]roperty, *requiring that any surplus proceeds once [Cadence Bank's] lien is liquidated through foreclosure sale of the property at issue in this case be applied towards [Trekker Tractor, LLC's] lien* . . . ." (Doc. # 71 at 2)(emphasis added). Therefore, the Court finds that it is undisputed that Trekker Tractor, LLC's interest in the Property is junior and subordinate to Cadence Bank's interest in the Property. As a result, this Court finds in favor of Cadence Bank on this affirmative defense.

Trekker Tractor, LLC further posits that its "claimed interest in the [P]roperty is superior to all unrecorded liens and all liens, claims of liens, mortgages, or other interests recorded after [Trekker Tractor, LLC's] claim of lien."

(Id.). However, the present Motion before the Court does not request that the Court determine the priority of all interests claimed in the Property. If Trekker Tractor, LLC was inclined to seek such relief, it should have filed a dispositive motion within the deadline imposed by this Court, which has lapsed. However, Trekker Tractor, LLC has not filed a dispositive motion requesting such relief, and in fact, no party to this action has. As a result, the Court refrains from making such a determination.

Finally, Trekker Tractor, LLC asserts that "[Cadence Bank's] claims are barred to the extent that it has failed to mitigate appropriately its damages, if any." (Id.). Trekker Tractor, LLC has failed to provide this Court with any record evidence to support this affirmative defense. As a result, Trekker Tractor, LLC has done nothing more than make a general, conclusory allegation. Accordingly, the Court finds that this affirmative defense is legally insufficient as pled.

As the Court has found in favor of Cadence Bank on all Trekker Tractor, LLC's affirmative defenses, and Trekker Tractor, LLC has failed to demonstrate a genuine dispute of material fact, the Court grants summary judgment in favor of Cadence Bank and against Trekker Tractor, LLC on Count I of

the Complaint.

### c. A. Alami Binani

In the present Motion for Summary Judgment, Cadence Bank submits that "Binani and [Cadence Bank] have entered into a separate written settlement agreement, pursuant to which Binani has agreed that the [Cadence Bank] Mortgage is superior over any claim Binani may have against the Property." (Doc. # 140 at 20-21). The Court is mindful that neither party notified the Court of this agreement, in violation of Local Rule 3.08, which states "it shall be the duty of all counsel to immediately notify the Court upon the settlement of any case." Nonetheless, as there is no dispute that Binani made these concessions, the Court takes notice of this agreement and finds that summary judgment in favor of Cadence Bank on Count I of the Complaint is warranted.

### B. Motion for Default Final Judgment

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to

defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

Cadence Bank seeks to foreclose the interests of a number of Defendants in this action that have or claim to have an interest in the relevant Property: Virgil & Brothers, Inc.; Safway Services, LLC; Consolidated Electrical Distributors, Inc., doing business as Raybro Electric Supplies; Jose. A. Galindez; Southeastern Petroleum Contractors, Inc.; Cat Scale Company; Central Florida Laundry Leasing, Inc.; Robert Miller; and Riviera Isle Investment Corp.[4] (Doc. # 140 at 21).

---

[4] The Court notes that on May 6, 2013, Riviera Isle Investment Corp. and Robert Miller filed a Notice of Waiver of Interest

17

On June 4, 2013, a Clerk's Entry of Default was entered against Central Florida Laundry Leasing, Inc.; Consolidated Electrical Distributors, Inc., doing business as Raybro Electric Supplies; Jose A. Galindez; Safway Services, LLC; Southeastern Petroleum Contractors, Inc.; and Virgil & Brothers, Inc. (Doc. ## 65-70). Thereafter, Cadence Bank filed the present Motion for Default Final Judgment against these Defendants on February 7, 2014. (Doc. # 140). These Defendants have failed to respond in opposition to Cadence Bank's Motion for Default Final Judgment.

Based upon the Clerk's entry of default, the well-pled factual allegations in the Complaint, and the Motion itself, the Court determines that Cadence Bank's allegations support a finding that the interests of each defaulted Defendant in the relevant Property was obtained after the recording of the mortgage held by Candace Bank. Therefore, any interest of the defaulted Defendants in the Property is subordinate and

---

or Claim (Doc. # 33), and the Court, pursuant to the Notice, terminated these parties from this action on June 3, 2013. Furthermore, on March 5, 2014, Cadence Bank filed a Notice of Voluntary Dismissal with Prejudice of its claims against Cat Scale Company, and as a result, the claims against Cat Scale Company were dismissed with prejudice on March 6, 2014. (Doc. ## 151, 153). Therefore, the Court will not address Cadence Bank's Motion with respect to these Defendants.

inferior to the mortgage held by Cadence Bank. As a result, Cadence Bank's Motion for Default Final Judgment is granted and a hearing on this matter is not needed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Cadence Bank, N.A.'s Motion for Summary Judgment (Doc. # 140) is **GRANTED** to the extent provided herein.

(2) Cadence Bank, N.A.'s Motion for Default Final Judgment (Doc. # 140) is **GRANTED** to the extent provided herein.

(3) Cadence Bank, N.A.'s Motion to Enforce Settlement Agreement (Doc. # 140) is **DENIED as moot.**

(4) The Clerk is directed to enter Judgment in favor of Cadence Bank, N.A. and against all Defendants.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record