UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A.,

      Plaintiff,

v.                        Case No. 8:13-cv-840-T-33TGW

6503 U.S. HIGHWAY 301, LLC,
a Florida Limited Liability
Company, et al.,

      Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Third-Party Cross-Claim Defendant Morris Esquenazi's Motion to Dismiss Anwar Hassan's Third-Party Cross-Claim (Doc. # 181), filed on May 5, 2014, and Third-Party Counter-Claim Defendant A. Alami Binani's Motion to Dismiss Anwar Hassan's Counter-Claim (Doc. # 188), filed on May 15, 2014. *Pro se* Third-Party Cross-Claim Plaintiff and Counter-Claim Plaintiff Anwar Hassan filed a response in opposition to these Motions on May 20, 2014 (Doc. # 192), and June 3, 2014 (Doc. # 193), respectively. For the reasons stated below, the Motions are denied.

## I.   Background

On August 12, 2011, Binani and Amanda Shihada entered into a Purchase and Sale Agreement ("Agreement"). (Doc. # 174 at 6). Hassan was a broker associated with the Agreement, and according to Hassan, he – as a third party beneficiary of the Agreement - was entitled to a broker's fee as a result of procurement of the Agreement, whether or not the closing contemplated by the Agreement occurred due to a default of the buyer or the seller. (Id. at 7).

Hassan submits that the closing anticipated by the Agreement did not occur (Id. at 15); however, "[i]t is unclear as to whether it was a buyer breach or a seller breach that caused the closing to fail." (Id.). Thus, according to Hassan, by failing to effectuate the closing, Binani, Shihada, and Esquenazi breached the Agreement. (Id.).

Hassan filed his Third-Party Counter-Claim and Cross-Claims on April 14, 2014, against Esquenazi, Binani, and Shihada, setting forth the following counts: Declaratory Judgment (Count I) and Breach of Contract (Count II). (Doc. # 174). Thereafter, Esquenazi filed his Motion to Dismiss on May 5, 2014 (Doc. # 181), and Binani filed his Motion to Dismiss on May 15, 2014 (Doc. # 188). Hassan filed a response in opposition to each Motion on May 20, 2014 (Doc. # 192), and June 3, 2014 (Doc. # 193), respectively. This Court has

2

reviewed the Motions, and the responses thereto, and is otherwise fully advised in the premises.

### III. **Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**A. Esquenazi's Motion to Dismiss**

Esquenazi contends that Hassan's Third-Party Cross-Claim fails to state a claim upon which relief can be granted. (Doc. # 181 at 2). Specifically, Esquenazi argues that it is unclear as to what allegations pertain to which Third-Party Cross-Defendant or Third-Party Counter-Defendant. (Id. at 3). Furthermore, Esquenazi submits that a conflict exists between the allegations set forth in the Third-Party Cross-Claim and an accompanying Exhibit. (Id.).

According to Esquenazi, Hassan's claims are based upon the Agreement, attached to the Third-Party Cross-Claim as Exhibit A, which evidences that it was made by and between Shihada and Binani, and the only page that purports to have Esquenazi's initials and signature is on page 24, "which by the facsimile marks on the document, was clearly inserted

into the document." (Id.). Therefore, Esquenazi asserts that

a conflict exists between the allegations set forth in the

Third-Party Cross-Claim and Exhibit A, and as a result, the

information contained in Exhibit A prevails: the Agreement

was made between Shihada and Binani, not Esquenazi.

(Id.)(citing Int'l Star Registry of Ill. v. Omnipoint Mktg.,

LLC, 510 F. Supp. 2d 1015 (S.D. Fla. 2007)("where there is a

conflict between the bare allegations of the complaint and

any exhibit attached to the complaint, the exhibit

prevails.")). Thus, Esquenazi posits that Hassan has failed

to state a claim against Esquenazi upon which relief can be

granted.

Upon review of the Third-Party Cross-Claim and taking

all the allegations contained therein as true, this Court

finds that the Third-Party Cross-Claim adequately describes

what claim is asserted against Esquenazi, and a conflict does

not exist between the Third-Party Cross Claim and Exhibit A,

as suggested by Esquenazi. First, paragraph 20 of the Third-

Party Cross-Claim specifically identifies Esquenazi,

therefore suggesting that count II is asserted against him.

(Doc. # 174 at ¶ 20). Furthermore, the Court finds that a

conflict does not exist between the Third-Party Cross-Claim

and Exhibit A. As indicated by Esquenazi, Exhibit A contains

Esquenazi's signature. (Doc. # 181 at 3).  At this juncture, Esquenazi is requesting this Court to determine the validity of the signature, when it was inserted into the Agreement, and its impact on the Agreement to determine that a conflict exists.  This Court will not engage in such factual analysis at this stage in the proceedings. Therefore, for the reasons stated above, Esquenazi's Motion is denied.

### B. **Binani's Motion to Dismiss**

Binani contends that Hassan is not a third-party beneficiary to the Agreement and is thus not entitled to damages. (Doc. # 188 at 3). Under Florida law, a cause of action for breach of third-party beneficiary contract consists of the following elements: (1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach. Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So. 2d 251 (Fla. 3d DCA 2005). A third party is considered a beneficiary to the contract only if the contracting parties intend to primarily and directly benefit the third party. Cigna Fire Underwriters Ins. Co. v. Leonard, 645 So. 2d 28 (Fla. 4th DCA 1994).

Binani's argument rests on the contention that "Hassan does not allege, nor does the contract specifically state that the parties to the contract, Mr. Binani and Amanda Shihada, clearly intended for Mr. Hassan to be the primary and direct beneficiary of the contract. Mr. Hassan alleges, as the contract states, that any benefit he would derive from the contract is merely incidental or consequential." (Doc. # 188 at 3). Therefore, the Court will limit its inquiry to addressing this issue.

Upon review of the Third-Party Counter-Claim, and liberally construing the allegations to account for Hassan's *pro se* status, the Court finds that Hassan has sufficiently established a claim against Binani to survive a 12(b)(6) motion to dismiss. In the Third-Party Counter-Claim, Hassan states "Hassan was a *third party beneficiary* of the contract, entitled to a broker's commission as a result of the procurement of the Agreement." (Doc. # 174 at 8)(emphasis added). Although the allegation does not explicitly state that Binani and Shihada had "clear or manifest intent" that the Agreement directly benefit Hassan, it does not need to. It must only provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and give notice to Binani of the alleged claim against

him, which this Court finds that Hassan has done. Further
inquiry into the intent of the parties is improper at this
stage of the proceedings. Therefore, Binani's Motion is
denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Third-Party Cross-Claim Defendant Morris Esquenazi's
Motion to Dismiss Anwar Hassan's Third-Party Cross-Claim
(Doc. # 181) is **DENIED.**

(2)  Third-Party Counter-Claim Defendant A. Alami Binani's
Motion to Dismiss Anwar Hassan's Counter-Claim (Doc. #
188) is **DENIED.**

(3)  Morris Esquenazi and A. Alami Binani have until **June 27,
2014,** to file an Answer to Anwar Hassan's Third-Party
Cross-Claim and Counter-Claim, as applicable.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>16th</u> day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record