UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A.,

       Plaintiff,

v.                          Case No. 8:13-cv-840-T-33TGW

6503 U.S. HIGHWAY 301, LLC,
ET AL.,

       Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Cross-Claim Defendants 6503 U.S. Highway 301, LLC and Morris Esquenazi's Brief as to Why this Case Should be Tried Before a Jury (Doc. # 234), filed on October 21, 2014. Upon due consideration of 6503 U.S. Highway 301, LLC and Esquenazi's Brief, and an independent review of the record, this Court determines that the trial in this action as to Alami Binani's claims will proceed as a non-jury trial, and the trial as to Anwar Hassan's claims will proceed as a jury trial.

## I.  Background

This case began as a commercial foreclosure action initiated by Cadence Bank, N.A., on two properties in Hillsborough County, Florida owned by 6503 U.S. Highway 301,

LLC. (Doc. # 1). The underlying foreclosure action was resolved on April 2, 2014. (Doc. # 170; see Doc. # 171).

During the pendency of the litigation with Cadence, Binani filed his Counterclaim, Cross-claim, and Third-Party Complaint (Doc. # 86), and filed an Amended Cross-Claim and Third-Party Complaint (titled Second Amended Cross-Claim and Third-Party Complaint), on February 5, 2014, against 6503 U.S. Highway 301, LLC, Morris Esquenazi, Nabil Shihada, Amanda Shihada, and Hassan (Doc. # 131). Amanda Shihada and Nabil Shihada filed their Answers on February 27, 2014. (Doc. # 150). 6503 U.S. Highway 301, LLC and Esquenazi filed their Answers on April 7, 2014 (Doc. # 173), and Hassan, representing himself *pro se*, filed his Answer on April 14, 2014 (Doc. # 174).

Contained within Hassan's Answer was his Third-Party Counter-Claims and Third-Party Cross-Claims against Binani, Amanda Shihada, and Esquenazi. (See Id.). Binani filed his Answer to the Third-Party Counter-Claims on June 27, 2014.[1] (Doc. # 202). Amanda Shihada filed her Answer on July 1, 2014.

---

[1]   On September 18, 2014, with Hassan's consent, Count II of Hassan's Third-Party Counter-Claims was dismissed as to Binani only. (Doc. # 220).

(Doc. # 206). On July 2, 2014, after this Court granted Esquenazi an extension of time to file his Answer after the deadline to do so had passed (Doc. ## 207, 208), Esquenazi filed his Answer, which contained a timely jury demand (Doc. # 210).

On October 10, 2014, this Court held a status conference. (Doc. # 226). At the status conference, this Court discussed 6503 U.S. Highway 301, LLC and Esquenazi's prior brief detailing their position as to why this action should proceed as a jury trial. (Doc. # 216). However, Binani objected to 6503 U.S. Highway 301, LLC and Esquenazi's position, explaining that the record demonstrates that 6503 U.S. Highway 301, LLC and Esquenazi's demand was untimely. (Doc. # 217). In the interest of fairness, given the parties' conflicting positions, this Court granted 6503 U.S. Highway 301, LLC and Esquenazi the opportunity to file an additional brief to explain why this case, in its entirety, should be tried before a jury. 6503 U.S. Highway 301, LLC and Esquenazi filed their Brief on October 21, 2014. (Doc. # 234).

## II. __Discussion__

According to the Amended Case Management and Scheduling Order, this case is currently set for a non-jury trial to begin in February of 2015. (See Doc. # 212). 6503 U.S. Highway

3

301, LLC and Esquenazi contend however that they timely filed a demand for jury trial. (Doc. # 234). If the Court disagrees with their position, then 6503 U.S. Highway 301, LLC and Esquenazi request that this Court, pursuant to Fed. R. Civ. P. 39 "order a jury trial on any issue for which a jury trial might have been demanded." (Id. at ¶ 21).

To support their position, 6503 U.S. Highway 301, LLC and Esquenazi set forth the following timeline:

> On October 10, 2013, Binani filed his [C]ounterclaim against Cadence, Crossclaim against Esquenazi and [6503 U.S. Highway 301, LLC], and Third-Party Complaint as to A. Shihada, N. Shihada, and Hassan.
>
> Thereafter, [6503 U.S. Highway 301, LLC] and Esquenazi filed a Motion to Dismiss on November 22, 2013.
>
> On February 5, 2014, Binani filed an Amended Third Party Complaint and Crossclaim.
>
> On February 26, 2014, [6503 U.S Highway 301, LLC] and Esquenazi filed a Motion to Dismiss Binani's Second Amended Cross-Claim.
>
> On March 17, 2014, the Court denied [6503 U.S. Highway 301, LLC] and Esquenazi's Motion to Dismiss.
>
> [6503 U.S. Highway 301, LLC] and Esquenazi filed their Answer to the Crossclaim on April 7, 2014.

> Hassan filed his Answer, Affirmative Defenses, Counterclaim and Third Party Cross-Claim on April 14, 2014.
>
> On May 16, 2014, [6503 U.S. Highway 301, LLC] and Esquenazi made a demand for jury trial.
>
> The final pleading was not filed until July 2, 2014, Esquenazi and [6503 U.S. Highway 301, LLC's] Answer, Affirmative Defenses, and Jury Demand to Hassan's Third-Party Cross-Claim.

(Doc. # 234 at ¶¶ 5-13)(internal citations omitted).

According to 6503 U.S. Highway 301, LLC and Esquenazi, "While the litigation with Cadence was ongoing, no jury trial could be demanded as a jury trial is not available in a commercial foreclosure action where there exists a jury trial waiver provision as in the present case." (Id. at ¶ 4). The Court notes that the underlying action with Cadence was resolved on April 2, 2014. (Doc. ## 170, 171). Accordingly, the Court will address whether 6503 U.S. Highway 301, LLC and Esquenazi made timely demands – after the resolution of the underlying Cadence action - for a jury trial with respect to Binani and Hassan's claims.

### A. Binani's Claims Against 6503 U.S. Highway 301, LLC and Esquenazi

5

6503 U.S. Highway 301, LLC and Esquenazi claim that their demand for a jury trial as to Binani's claims was timely, pursuant to Fed. R. Civ. P. 38.

Fed. R. Civ. P. 38 states in relevant part:

b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

    a. serving the other parties with a written demand - which may be included in a pleading - **no later than** <u>14 days after</u> **the last pleading** *directed to the issue* **is served; and**

    b. filing the demand in accordance with Rule 5(d).

c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may – within 14 days after being served with the demand or within a shorter time ordered by the court – serve a demand for a jury trial on any other or all factual issues triable by jury.

d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38 (b)-(d)(emphasis added).

As the timeline above demonstrates, 6503 U.S. Highway 301, LLC and Esquenazi filed their Answers to Binani's Amended Cross-Claim and Third-Party Complaint on **April 7, 2014**. (Doc. # 173). At that time, they did not demand a jury trial as to

Binani's claims. Not until **May 16, 2014**, did 6503 U.S. Highway 301, LLC and Esquenazi file a Demand for Jury Trial, pursuant to Fed. R. Civ. P. 38. (Doc. # 189). Therefore, the Court finds that 6503 U.S. Highway 301 LLC and Esquenazi's demand for jury trial – as to the issues raised by Binani – was untimely.

Nonetheless, 6503 U.S. Highway 301, LLC and Esquenazi argue that Fed. R. Civ. P. 39(b) provides for their requested relief. (Doc. # 234)(citing Messana v. Maule Indus., Inc., 50 So. 2d 874, 876 (Fla. 1951)("In promulgating the rule there was no purpose to deprive anyone of a jury trial, even if possible. In fact, there was no intent to coerce a litigant to relinquish his right to trial by jury. When the right is claimed the court has no alternative. If the claim comes after the time specified in the rule, the usual discretion is allowed the trial court in the matter.")).

According to 6503 U.S. Highway, 301 LLC and Esquenazi,

Binani has asserted multiple claims including breach of contract and fraud in the inducement, which generally, are tried by a jury.

Binani would not be prejudiced by having the case tried before a jury. Cross-Claim Defendants, [6503 U.S. Highway 301, LLC] and Esquenazi, would be prejudiced as they have made a demand for a jury trial, and would be denied this basic right by proceeding on the bench trial docket.

> Further, [6503 U.S. Highway 301, LLC] and Esquenazi have unquestionably made a timely demand for jury trial in their Answer to Hassan's Third Party Cross-Claim against these entities. All of the issues raised by Binani and Hassan are inextricably intertwined and it would lead to an absurd result to proceed with a jury trial on the claims brought by Hassan, but not those by Binani.
>
> The interests of all parties would be preserved by this Court ordering this cause to be tried by a jury.

(Doc. # 234 at ¶¶ 22-26).

Pursuant to Fed. R. Civ. P. 39(b), "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." See Fed. R. Civ. P. 39(b)(emphasis added). A party may waive the right to jury trial by failing to make a timely demand upon the courts. LaMarca v. Turner, 995 F.2d 1526, 1545 (11th Cir. 1993). A Rule 39(b) motion is necessary to relieve a party from waiver; the court cannot grant relief on its own initiative. Swofford v. B&W, Inc., 336 F.2d 406, 409 (5th Cir. 1964).

Any relief from waiver is left to the sound discretion of the trial court. Bush v. Allstate, Ins. Co., 425 F.2d 393, 396 (5th Cir. 1970)("Relief from . . . waiver was then to be found, if available at all, in an exercise of discretion by

the District Court."). However, "when the discretion of the
court is invoked under Rule 39(b), the court should grant a
jury trial only in the absence of strong and compelling
reasons to the contrary." <u>Id.</u>; <u>see</u> <u>also</u> <u>Parrott v. Wilson</u>,
707 F.2d 1262, 1267 (11th Cir. 1983)("when reviewing a lower
court's denial of a belated jury request our cases require
that appellant courts give considerable weight to the
movant's excuse for failing to make a timely jury request. If
that failure is due to mere inadvertence on the movant's part,
we generally will not reverse the trial court's refusal to
grant a 39(b) motion."); <u>Rhodes v. Amarillo Hosp. Dist.</u>, 654
F.2d 1148, 1154 (5th Cir. 1981)("It is not an abuse of
discretion by a District Judge to deny a Rule 39(b) motion,
however, when the failure to make a timely demand for a jury
trial results from mere inadvertence on the part of the moving
party."). Accordingly:

> [T]he district courts have broad discretion when
> considering Rule 39(b) motions and often freely
> grant such motions after considering (1) whether
> the case involves issues which are best tried to a
> jury; (2) whether granting the motion would result
> in a disruption of the court's schedule or that of
> the adverse party; (3) the degree of prejudice to
> the adverse party; (4) the length of the delay in
> having requested a jury trial; and (5) the reason
> for the movant's tardiness in requesting a jury
> trial.

Parrott, 707 F.2d at 1267-68. "The decision by the district court to grant or deny the motion is therefore reversible . . . only for an abuse of discretion." Id. at 1267.

As an initial matter, the Court notes that 6503 U.S. Highway 301, LLC and Esquenazi have not filed a motion pursuant to Fed. R. Civ. P. 39(b). Nonetheless, the Court finds that even if 6503 U.S. Highway 301, LLC and Esquenazi had filed an appropriate motion, they are not entitled to a jury trial as to Binani's claims.

6503 U.S. Highway 301, LLC and Esquenazi have failed to provide case law demonstrating that under the present circumstances they are entitled to a jury trial as to Binani's claims. Instead, 6503 U.S. Highway 301, LLC and Esquenazi argue that "it would lead to an absurd result" to allow Binani's claims to be tried by the Court while Hassan's claims, which are "inextricably intertwined" to Binani's claims, are tried by a jury. (See Doc. # 234). This conclusory argument, without support, is not convincing. 6503 U.S. Highway 301, LLC and Esquenazi have also failed to establish that they diligently sought relief – demand for a jury trial – after the underlying foreclosure action was resolved on April 2, 2014.

Furthermore, as noted by 6503 U.S. Highway 301, LLC and Esquenazi in their Brief, "Binani asserts this cause should proceed as a bench trial. A. Shihada and N. Shihada did not demand a trial by jury as to any of the issues presented. Hassan did not demand a trial by jury as to any of the issues presented." (Doc. # 234 at ¶ 26). Therefore, Binani's claims asserted against Amanda Shihada, Nabil Shihada, and Hassan will be tried by this Court. Thus, having a jury trial for the Cross-Claims asserted by Binani and a non-jury trial for the Third-Party Claims against Amanda Shihada, Nabil Shihada, and Hassan would cause confusion. As a result, this Court denies 6503 U.S. Highway 301, LLC and Esquenazi's request for a jury trial as to Binani's claims asserted against them.

### B. Hassan's Claims Against Esquenazi

The record reflects that Esquenazi's demand for a jury trial as to Hassan's Third-Party Cross-Claims was timely filed. Specifically, on July 2, 2014, Esquenazi filed his Answer and Affirmative Defenses to Hassan's claims, which included a jury demand. (Doc. # 210). Therefore, the trial on Hassan's claims against Amanda Shihada and Esquenazi will proceed as a jury trial.

III. **Conclusion**

For the reasons set forth above, the trial currently set on the Court's February, 2015, trial term will proceed as follows:

| Cross-Claim<br>**NON-JURY TRIAL** | Binani | v. | 6503 U.S. Highway 301, LLC<br>Morris Esquenazi |
|---|---|---|---|
| Third-Party Claims<br>**NON-JURY TRIAL** | Binani | v. | Amanda Shihada<br>Nabil Shihada<br>Anwar Hassan |
| Cross-Claim<br>**JURY TRIAL** | Hassan | v. | Amanda Shihada<br>Morris Esquenazi |

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

This action will proceed on the Court's February, 2015, trial term as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

12