UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A.,

    Plaintiff,

v.   Case No. 8:13-cv-840-T-33TGW

6503 U.S. HIGHWAY 301, LLC,
a Florida Limited Liability
Company, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the Final Pretrial Conference held on January 30, 2015. For the reasons stated at the hearing, Alami Binani's claims against Morris Esquenazi, 6503 U.S. Highway 301, LLC, Anwar Hassan, Nabil Shihada, and Amanda Shihada are dismissed with prejudice. Further, Anwar Hassan's claims against Morris Esquenazi and Amanda Shihada are dismissed without prejudice as this Court lacks subject matter jurisdiction.

**I.   Background**

This case began as a commercial foreclosure action instituted by Cadence Bank, N.A., on two properties in Hillsborough County, Florida, owned by 6503 U.S. Highway 301,

LLC. (Doc. # 1). The underlying action with Cadence Bank has been resolved. (See Doc. # 170).

During the pendency of the litigation with Cadence Bank, Alami Binani filed his Counter-Claim, Cross-Claim, and Third-Party Complaint (Doc. # 86), and filed an Amended Cross-Claim and Third-Party Complaint on February 5, 2014, against 6503 U.S. Highway 301, LLC, Morris Esquenazi, Nabil Shihada, Amanda Shihada, and Anwar Hassan. (Doc. # 131). Amanda Shihada and Nabil Shihada filed their Answers (Doc. # 150) on February 27, 2014. 6503 U.S. Highway 301, LLC and Morris Esquenazi filed their Answers on April 7, 2014 (Doc. # 173), and Anwar Hassan filed his Answer on April 14, 2014 (Doc. # 174).

Also on April 14, 2014, Anwar Hassan, representing himself *pro se*, filed his Third-Party Counter-Claims and Third-Party Cross-Claims against Alami Binani, Amanda Shihada, and Morris Esquenazi, setting forth the following counts: (1) Declaratory Judgment and (2) Breach of Contract (Third-Party Beneficiary). (Doc. # 174). Alami Binani filed his Answer to the Third-Party Counter-Claims on June 27, 2014. (Doc. # 202). Amanda Shihada filed her Answer on July 1, 2014 (Doc. # 206), and Morris Esquenazi filed his Answer on July 2, 2014 (Doc. # 210).

On September 2, 2014, Alami Binani filed a Motion for Judgment on the Pleadings as to the Third Party Counter-Claims asserted by Anwar Hassan against him. (Doc. # 218). In response, Anwar Hassan submitted that "to the extent necessary and possible, [Hassan] voluntarily dismisses Count II as it relates to Binani only . . . Hassan consents to dismissal of Count II as it relates to Binani." (Doc. # 219). As a result, on September 18, 2014, this Court dismissed Count II of Anwar Hassan's Third Party Counter-Claims as to Alami Binani only. (Doc. # 220).

The remaining parties engaged in mediation, on January 29, 2015. (Doc. # 248). According to the mediator's report, "[t]he case has been completely settled except as to Mr. Hassan." (Id.). Furthermore, on January 29, 2015, Alami Binani filed a Notice of Voluntary Dismissal with Prejudice as to his claims against Anwar Hassan. (Doc. # 249).

## II. **Alami Binani's Claims**

Pursuant to the Mediation Report (Doc. # 248), the Notice of Voluntary Dismissal with Prejudice (Doc. # 249), and the statements provided at the Final Pretrial Conference, Alami Binani's claims against Morris Esquenazi, 6503 U.S. Highway

301, LLC, Anwar Hassan, Nabil Shihada, and Amanda Shihada are hereby dismissed with prejudice.

### III. **Anwar Hassan's Claims**

According to the Mediation Report, Anwar Hassan's claims against Morris Esquenazi and Amanda Shihada still remain pending. (See Doc. # 248). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt

about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

At this time, the only remaining claims are (1) declaratory judgment and (2) breach of contract (third party beneficiary) based on Anwar Hassan's argument that he is entitled to a broker's commission as a result of his procurement of the relevant purchase and sale agreement. (Doc. # 174).

First, this Court does not have federal question jurisdiction over Anwar Hassan's claims as none of the claims arise under federal law nor does federal law create the causes of action. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991)(finding that a case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim). Furthermore, it is undisputed that this Court lacks diversity jurisdiction as the remaining parties – Anwar Hassan, Morris Esquenazi, and Amanda Shihada - are all citizens of the state of Florida. See 28 U.S.C. § 1332.

Moreover, this Court declines to assert supplemental jurisdiction over Anwar Hassan's remaining claims. See 28 U.S.C. § 1367(c). The remaining claims raise complex issues

5

of state law, which include issues related to the interpretation of contracts (i.e. the relevant purchase and sale agreement as well as the separate commission agreement). (See Doc. # 174).

This Court is cognizant that Anwar Hassan has an available venue – state court – in which he can pursue his requested relief against Morris Esquenazi and Amanda Shihada. The statute of limitations has not run on Anwar Hassan's contract-based claims, and he still has ample opportunity to initiate such an action in state court. See Fla. Stat. § 95.11. Having determined that this Court lacks jurisdiction over Anwar Hassan's claims, the Court dismisses Anwar Hassan's claims against Morris Esquenazi and Amanda Shihada without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Alami Binani's claims against Morris Esquenazi, 6503 U.S. Highway 301, LLC, Anwar Hassan, Nabil Shihada, and Amanda Shihada are hereby dismissed with prejudice.

(2) Anwar Hassan's claims against Morris Esquenazi and Amanda Shihada are dismissed without prejudice as this Court lacks subject matter jurisdiction.

(3) This Court declines to retain jurisdiction over this action to enforce the terms of the settlement agreement.

(4) The Clerk is directed to terminate any previously scheduled deadlines and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record